FILED
2017 MAR 31 PM 3:22
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARLANDO HOWARD,

    Plaintiff,

vs.

CASE NO: 8:17-CV-773-T-30-AEP

MUZ CONSULTING SERVICES, LLC.,
TROPICAL SOLAR ENERGY, LLC., and
CHRISTOPHER MAZZONE, Individually.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARLANDO HOWARD ("Plaintiff"), brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against MUZ CONSULTING SERVICES, LLC. ("Muz Consulting"), TROPICAL SOLAR ENERGY, LLC. ("Tropical Solar"), and CHRISTOPHER MAZZONE ("Mazzone"), individually ("Defendants").

## PARTIES

1.     Plaintiff was employed by Defendant Muz Consulting as a Floor Supervisor for Tropical Solar and performed related activities for Defendant Tropical Solar in and around Pinellas County, Florida.

2.     Defendant, Muz Consulting is a Florida Limited Liability Company licensed to do business in Florida that operates and conducts business in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

3.     Defendants Muz Consulting and Tropical Solar are both owned and

operated by Defendant Christopher Mazzone.

## STATEMENT OF FACTS

4. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

7. Defendant Mazzone operates both a consulting firm and a solar energy equipment supplier in and around Pinellas County. At all material times relevant to this action, Defendants had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendant's employees handle and otherwise work on goods that have been moved in or produced for commerce. For example, employees employed by Defendant handles or works on goods that have been moved or produced for commerce such as stone, granite, tools, equipment and other items which originated from outside the state of Florida.

8. As a Floor Supervisor who never left the state of Florida, Plaintiff was not exempt from the overtime requirement of the FLSA.

9. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

10. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

11. By Plaintiff's estimates, he routinely worked more than 50 hours or more work week.

12. Plaintiff was never paid at one and one half times his regular rate of pay for all hours worked over forty.

13. Upon information and belief, many of the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendants.

14. Upon information and belief, Defendants did not rely on and Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

15. Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

16. All conditions precedent to this action have been met or have been waived.

17. Plaintiff has retained the undersigned law firm and is obligated to pay the firm a reasonable fee.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

21. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

22. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

23. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

24. Defendants failed to post required FLSA informational listings as required by the FLSA.

25. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

26. Defendants willfully violated the FLSA.

27. Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against each Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him but Defendants failed to pay him, liquidated damages, reasonable

attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 21 day of March, 2017.

Respectfully Submitted,

MORGAN & MORGAN, P.A.

MATTHEW R. GUNTER, ESQ.
Fla. Bar No. 0077459
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: 407-236-0946
Fax: 407-867-4791
Email: MGunter@forthepeople.com
*Attorney for Plaintiff*